UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TIM C. CLEMENS, | ) | Case No.2:18-cv-00084-JAM-AC |
|---|---|---|
| Plaintiff, | ) | **AMENDED PRETRIAL** |
| | ) | **CONFERENCE ORDER** |
| v. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to court order, a Pretrial Conference was held on November 1, 2019,before Judge John Mendez. Anthony Petru and Gavin Barney appeared as counsel for plaintiff; Robert Gibbons appeared as counsel for defendant. After hearing and submission of additional papers by the parties, the Court makes the following amended findings and orders:

## I. JURISDICTION/VENUE

Jurisdiction is predicated upon 45 U.S.C. § 51 et seq., and has previously been found to be proper by order of this court, as has venue. Those orders are confirmed.

## II. JURY/NON-JURY

Plaintiff has requested a jury trial in this case.

///

III. STATEMENT TO BE READ TO JURY

No later than December 2, 2019, the parties shall E-file a joint statement of the case that will be read to the jury at the beginning of jury selection.

IV. UNDISPUTED FACTS

1.    On April 2, 1986, Plaintiff hired out with Southern Pacific Railroad as a track department laborer in Klamath Falls, Oregon.   Southern Pacific later merged into UPRR and Plaintiff remained an employee with the company.

2.    At all times during Plaintiff's employment with UPRR, UPRR was a common carrier by railroad and was engaged in interstate commerce. During that time Plaintiff's job duties for UPRR furthered, or in any way substantially affected, interstate commerce.

3.    In 1991, Plaintiff transferred to the water services department and, in 1998, became a foreman.   In 2006, Plaintiff transferred out of the water services department and worked in the bridge department with UPRR.   In 2012, he returned to his position as a water services foreman.

4.    While he was employed as a water services foreman, Plaintiff was responsible for UPRR plumbing and wastewater systems throughout Northern California and Southern Oregon, including the in UPRR railyard in Dunsmuir, California.

5.    At the time of the alleged accident, UPRR operated and maintained a waste water treatment plant or "groundwater extraction treatment system ("GETS") in the UPRR Dunsmuir yard. The GETS in the Dunsmuir Yard was equipped with a filtration system that backwashed excess filtered matter into two drying beds.

6. On March 30, 2015, Plaintiff reported a workplace injury to UPRR. Plaintiff has not returned to work since.

## V. <u>DISPUTED FACTUAL ISSUES</u>

Plaintiff will argue that UPRR negligently failed to provide Plaintiff with a reasonably safe place to work and with reasonably safe tools, resources, procedures, and assistance with which to perform that work. UPRR will argue that it provided Plaintiff with a reasonably safe place to work, with reasonably safe tools, resources, procedures and assistance with which to perform his work.

Plaintiff will argue that UPRR's negligence in January 2015 and during the course and scope of Plaintiff's employment with UPRR played a part, no matter how small, in causing Plaintiff to suffer serious injury to his back, requiring medical care including surgery. UPRR will argue that it was not negligent, and any injury or medical condition suffered by Plaintiff is unrelated to his work at Union Pacific.

Plaintiff will argue that, as a result of his workplace injuries, he suffered damages including medical costs, lost earnings, and pain and suffering. UPRR will dispute the amount of any damages, including medical costs, lost earnings, and pain and suffering.

## VI. <u>DISPUTED EVIDENTIARY ISSUES</u>

The parties believe that the evidentiary issues in this case can be resolved by motions in limine.

At this time, Plaintiff expects to file such motions regarding the following:

1. Inadmissibility of collateral source payments received by

3

1  Plaintiff;

2      2.   Inadmissibility of any suggestion that Plaintiff assumed
3  the risks of his employment with Defendant;

4      3.   Inadmissibility of demonstrative evidence that is
5  substantially dissimilar to the facts at issue here;

6      4.   Inadmissibility of the UPRR video depicting the removal
7  and replacement of dry filter media;

8      5.   Inadmissibility of surveillance not previously produced;

9      6.   Inadmissibility of past claims, litigation, settlement,
10 or other use of the legal system;

11     7.   Inadmissibility of Plaintiff's unrelated medical
12 conditions;

13     8.   Inadmissibility of any evidence of medical records
14 relating to a person other than Plaintiff;

15     9.   Inadmissibility of Plaintiff's eligibility to retire at
16 age 60;

17     10.  Inadmissibility of any medical expenses allegedly paid by
18 UPRR;

19     11.  Inadmissibility of evidence pertaining to misdemeanors;

20     12.  Inadmissibility of any evidence pertaining to Plaintiff's
21 drug use or involvement in substance recovery programs;

22     13.  Daubert motions regarding UPRR's experts; and

23     14.  Preclusion of any biomechanical or causation opinions by
24 defense expert Mr. Page.

25     At this time, UPRR expects to file such motions regarding the
26 following:

27     1.   Exclusion of any evidence of medical expenses paid by
28 Union Pacific;

4

1   2.   Daubert motions regarding Plaintiff's experts;

2   3.   Exclusion of any testimony from Plaintiff's retained
3   expert Bonneau Dickson;

4   4.   Exclusion of any testimony from Plaintiff's retained
5   expert Mills as to fringe benefit loss calculation;

6   5.   Exclusion of all testimony from former UP contractor
7   Pamela Mann;

8   6.   Exclusion of any evidence regarding alleged pollution by
9   UPRR or the contents of materials Plaintiff was allegedly exposed
10  to during his work at the Dunsmuir facility, including but not
11  limited to any documents from the California Regional Quality
12  Control Board;

13  7.   Exclusion of any evidence of how other waste water plants
14  are designed, constructed or operated;

15  8.   Comment by counsel that Union Pacific "broke the law.";

16  9.   Reference by Plaintiff and his counsel to specific Union
17  Pacific representatives present in the courtroom;

18  10.  The financial worth of Union Pacific or Plaintiff;

19  11.  Other employee claims or lawsuits involving Union Pacific
20  or Plaintiff's Counsel, any testimony in any such suits, or the
21  verdict or settlement amount, without the Court first ruling on the
22  relevancy, materiality and admissibility of such matters;

23  12.  Evidence of a prior act of alleged misconduct, prior
24  employee injury, claim, or lawsuit offered by Plaintiff, in an
25  attempt to show that Union Pacific was negligent with respect to
26  Plaintiff's allegations here;

27  13.  The Federal Railroad Administration (FRA) reportable
28  injuries and the effect of those reportable injuries on bonuses

5

paid to managers;

14.  The purpose, congressional intent or legislative history of the Federal Employers Liability Act ("FELA");

15.  Evidence or references to media reports about Union Pacific;

16.  Workers Compensation and Plaintiff's ineligibility for workers compensation;

17.  That the jury can "send a message" by its verdict or be put "in the Plaintiff's shoes" for purposes of determining a monetary award;

18.  Reference to "national," "in-house", "company" or "out of state" counsel;

19.  The family circumstances of Plaintiff and any emotional distress arising from those circumstances;

20.  Reference to supposed inherent danger in the railroad industry;

21.  Reference by Plaintiff's counsel during voir dire and opening statement that the standard in FELA cases is "slight" negligence or a "lighter burden of proof" or that plaintiff only has to prove "1%" of his case or any variation on plaintiffs' interpretation of the jury instructions; and

22.  Reference to settlement discussions, negotiations, offers or demands.

VII. RELIEF SOUGHT

Plaintiff seeks damages for his past and future lost earnings, his past and future medical expenses, and for his pain and suffering.  Defendant contends that Plaintiff is not entitled to recover for past medical expenses paid by UPRR pursuant to a

collective bargaining agreement.

VIII. <u>POINTS OF LAW</u>

Trial briefs may be E-filed with the court no later than December 2, 2019.  Any points of law not previously argued to the Court should be briefed in the trial briefs.

IX. <u>ABANDONED ISSUES</u>

The parties are not aware of any abandoned issues in this case.

X. <u>WITNESSES</u>

Plaintiff anticipates calling the following witnesses:

1.   Tim C. Clemens

2.   Joe Irvin

3.   Glen O'Sullivan, M.D.

4.   Jamie Mills

5.   Bonneau Dickson

6.   Alan Git Hung Chang

7.   Lauren Mancuso

8.   Pamela Mann

9.   Jerry Rhea

Defendant anticipates calling the following witnesses:

1.   George Page

2.   Peter Wrobel

3.   Jason Lifshutz, M.D.

4.   Tim C. Clemens

5.   Joe Irvin

6.   Alan Git Hung Chang

7.   Lauren Mancuso

8.   Jerry Rhea

7

1    Each party may call a witness designated by the other.

2    A.    No other witnesses will be permitted to testify unless:

3    (1)    The party offering the witness demonstrates that the
4    witness is for the purpose of rebutting evidence which could not be
5    reasonably anticipated at the Pretrial Conference, or

6    (2)    The witness was discovered after the Pretrial
7    Conference and the proffering party makes the showing required in
8    "B" below.

9    B.    Upon the post-Pretrial discovery of witnesses, the
10   attorney shall promptly inform the court and opposing parties of
11   the existence of the unlisted witnesses so that the court may
12   consider at trial whether the witnesses shall be permitted to
13   testify.    The evidence will not be permitted unless:

14   (1)    The witnesses could not reasonably have been
15   discovered prior to Pretrial;

16   (2)    The court and opposing counsel were promptly
17   notified upon discovery of the witnesses;

18   (3)    If time permitted, counsel proffered the witnesses
19   for deposition;

20   (4)    If time did not permit, a reasonable summary of the
21   witnesses' testimony was provided opposing counsel.

22                    XI. EXHIBITS, SCHEDULES AND SUMMARIES

23       Pursuant to the Court's Civil Pretrial and Trial Standing
24   Order, the parties attach Exhibits A and B, which lists the
25   documents that Plaintiff and UPRR intend to offer as exhibits at
26   trial, other than those intended to be used solely for impeachment
27   and rebuttal.

28       Each party may use an exhibit designated by the other.

8

A.   No other exhibits will be permitted to be introduced unless:

     (1)   The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial Conference, or

     (2)   The exhibit was discovered after the Pretrial Conference and the proffering party makes the showing required in paragraph "B," below.

B.   Upon the post-Pretrial discovery of exhibits, the attorneys shall promptly inform the court and opposing counsel of the existence of such exhibits so that the court may consider at trial their admissibility.   The exhibits will not be received unless the proffering party demonstrates:

     (1)   The exhibits could not reasonably have been discovered prior to Pretrial;

     (2)   The court and counsel were promptly informed of their existence;

     (3)   Counsel forwarded a copy of the exhibit(s) (if physically possible) to opposing counsel.   If the exhibit(s) may not be copied, the proffering counsel must show that he has made the exhibit(s) reasonably available for inspection by opposing counsel.

     As to each exhibit, each party is ordered to exchange copies of the exhibit not later than fourteen (14) days before trial. Each party is then granted five (5) days to file and serve objections to any of the exhibits.   In making the objection, the party is to set forth the grounds for the objection.   The parties shall pre-mark their respective exhibits in accord with the Court's

```
 1   Pretrial Order.  Exhibit stickers may be obtained through the
 2   Clerk's Office.  An original and one (1) copy of the exhibits shall
 3   be presented to Harry Vine, Deputy Courtroom Clerk, at 8:30 a.m. on
 4   the date set for trial or at such earlier time as may be agreed
 5   upon.  Mr. Vine can be contacted at (916) 930-4091 or via e-mail
 6   at: hvine@caed.uscourts.gov.  As to each exhibit which is not
 7   objected to, it shall be marked and may be received into evidence
 8   on motion and will require no further foundation.  Each exhibit
 9   which is objected to will be marked for identification only.
10                      XII. DISCOVERY DOCUMENTS
11        Pursuant to the Court's Civil Pretrial and Trial Standing
12   Order, the parties attach Exhibits C, D, and E, which list the
13   parties designations of the testimony of Alan Chang and Pamela
14   Mann, including objections and responses, and Plaintiff's
15   designations of UPRR's Requests for Admissions.
16                 XIII. FURTHER DISCOVERY OR MOTIONS
17        Pursuant to the court's Status Conference Order, all discovery
18   and law and motion was to have been conducted so as to be completed
19   as of the date of the Pretrial Conference.  That order is
20   confirmed.  The parties are free to do anything they desire
21   pursuant to informal agreement.  However, any such agreement will
22   not be enforceable in this court.
23                        XIV. STIPULATIONS
24        See Section IV above.
25                      XV. AMENDMENTS/DISMISSALS
26        None anticipated at this time.
27                   XVI. FURTHER TRIAL PREPARATION
28        A.   Counsel are directed to Local Rule 285 regarding the
```

1  contents of trial briefs.  Such briefs may be E-filed on or before
2  December 2, 2019.

3       B.     Counsel are further directed to confer and to attempt to
4  agree upon a joint set of jury instructions.  The joint set of
5  instructions shall be lodged via ECF with the court clerk on or
6  before December 2, 2019, and shall be identified as the "Jury
7  Instructions Without Objection."  As to instructions as to which
8  there is dispute the parties shall submit the instruction(s) via
9  ECF as its package of proposed jury instructions also on or before
10 December 6, 2019.  This package of proposed instructions should not
11 include the "Jury Instructions Without Objection" and should be
12 clearly identified as "Disputed Jury Instructions" on the proposed
13 instructions.

14      The parties shall e-mail a set of all proposed jury
15 instructions in word format to the Court's Judicial Assistant, Jane
16 Klingelhoets, at: jklingelhoets@caed.uscourts.gov.

17      C.     It is the duty of counsel to ensure that a hard copy of
18 any deposition which is to be used at trial has been lodged with
19 the Clerk of the Court pursuant to Local Rule 133(j).  The
20 depositions shall be lodged with the court clerk no later than
21 December 2, 2019.  Counsel are cautioned that a failure to
22 discharge this duty may result in the court precluding use of the
23 deposition or imposition of such other sanctions as the court deems
24 appropriate.

25      D.     The parties are ordered to E-file with the court and
26 exchange between themselves no later than December 2, 2019, a
27 statement designating portions of depositions intended to be
28 offered or read into evidence (except for portions to be used only

11

1 | for impeachment or rebuttal).

2 |     E.    The parties are ordered to E-file with the court and
3 | exchange between themselves no later than December 2, 2019, the
4 | portions of Answers to Interrogatories and/or Requests for
5 | Admission which the respective parties intend to offer or read into
6 | evidence at the trial (except portions to be used only for
7 | impeachment or rebuttal).

8 |     F.    Each party may submit proposed voir dire questions the
9 | party would like the court to put to prospective jurors during jury
10 | selection.  Proposed voir dire should be submitted via ECF no later
11 | than December 2, 2019.

12 |     G.    Each party may submit a proposed verdict form that the
13 | party would like the Court to use in this case.  Proposed verdict
14 | forms should be submitted via ECF no later than December 2, 2019.

15 |     H.    In limine motions shall be E-filed separately on or
16 | before November 29, 2019.  Opposition briefs shall be E-filed on or
17 | before December 4, 2019.  No reply briefs may be filed.

18 | XVII. SETTLEMENT NEGOTIATIONS

19 |     The parties have engaged in continuing informal settlement
20 | negotiations.  On July 25, 2019, the parties underwent a formal
21 | settlement conference with Hon. Edmund F. Brennan.

22 |     The parties believe that a further court settlement conference
23 | would be helpful prior to the commencement of the December 9, 2019
24 | trial.  A further settlement conference before Magistrate Judge
25 | Brennan has tentatively been set for November 21, 2019 at 10:00
26 | a.m.  The parties are to contact Magistrate Judge Brennan's
27 | chambers directly for confirmation and further directions regarding
28 | this settlement conference.

XVIII. AGREED STATEMENTS

See paragraph III, *supra*.

XIX. SEPARATE TRIAL OF ISSUES

The parties do not request bifurcation.

XX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

XXI. ATTORNEYS' FEES

The matter of the award of attorneys' fees to prevailing parties pursuant to statute will be handled by motion in accordance with Local Rule 293.

XXII. MISCELLANEOUS

None.

XXIII. ESTIMATE OF TRIAL TIME/TRIAL DATE

The parties estimate five (5) to six (6) court days for trial. Trial will commence on or about December 9, 2019, at 9:00 a.m.

Counsel are to call Harry Vine, Courtroom Deputy, at (916) 930-4091, one week prior to trial to ascertain the status of the trial date.

IT IS SO ORDERED.

DATED: November 13, 2019

JOHN A. MENDEZ
United States District Judge

# EXHIBIT A

1 Anthony S. Petru, Esq., State Bar No. 91399
Carole M. Bosch, Esq., State Bar No. 239790
2 HILDEBRAND, McLEOD & NELSON, LLP
Westlake Building
3 350 Frank H. Ogawa Plaza, 4th Floor
Oakland, CA 94612
4 TEL: (510) 451-6732
FAX: (510) 465-7023
5
Attorneys for Plaintiff
6 TIM C. CLEMENS

7
UNITED STATES DISTRICT COURT
8
EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO
9

10
| | |
|---|---|
| TIM C. CLEMENS, | CASE NO. 2:18-CV-00084 JAM-AC |
| Plaintiff, | **Plaintiff's Exhibit List** |
| vs. | **Trial:** December 9, 2019 |
| UNION PACIFIC RAILROAD | **Time:** 9:00 A.M. PST |
| COMPANY, a corporation; | |
| Defendant. | |

Plaintiff hereby submits the following List of Exhibits intended for trial.

| EXHIBIT NO. | DESCRIPTION | OFFERED | ADMITTED |
|---|---|---|---|
| 1. | Plaintiff Report of Personal Injury – UPRR Form 52032 – Dated 3/30/15; TCC 00496-00496. | | |
| 2. | Plaintiff Recorded Statement - Dated 4/1/15; UP 01032-01078. | | |
| 3. | Plaintiff Recorded Statement – Dated 3/22/17; UP 01079-01157 | | |
| 4. | Plaintiff Written Statement – Dated 3/30/15; TCC 00494 | | |
| 5. | Pictures of the Dunsmuir Yard Water Treatment Facility; UP 01266 – 01322 | | |
| 6. | Southern Pacific Remedial Design Report - Shallow Ground Water Containment and Treatment at Dunsmuir Yard; TCC 00572-001239 | | |

| | | | | |
|---|---|---|---|---|
| 7. | Schematic Design Drawings of Dunsmuir Yard Water Treatment Facility – Dated 8/27/93; TCC 02371-02390 | | | |
| 8. | Operation & Maintenance Manual – North Dunsmuir Rail Yard – Dated 3/2011; UP 02730-03933 | | | |
| 9. | Operation & Maintenance Manual – Appx A – As Built Drawings Dated 8/2010; UP 02798-02828. | | | |
| 10. | Operation & Maintenance Manual – Appx D – Example Weekly Inspection Sheet; UP 03932-03933 | | | |
| 11. | Operation & Maintenance Manual – North Dunsmuir Rail Yard – Dated 2/2/17 ; UP 01324 – 02481 | | | |
| 12. | Northwest Carbon - Operation and Maintenance Manual – Dunsmuir Water Treatment Facility; UP 02543-02561 | | | |
| 13. | UPRR Diesel Supply System Drawings, Dunsmuir – Dated 5/15/1998; UP 02652-02566. | | | |
| 14. | UPRR Water Service Foreman Job Description; UP 0120-01265. | | | |
| 15. | CH2M Hill Letter to Kaylie Humbert re: Notification of Discharge under Order R5-2013-0073-01 – Date 1/9/17; TCC 00570-00571 | | | |
| 16. | Water Quality Control Board Order No. R5-2005-0016 – Waste Discharge Requirements for UPRR Dunsmuir Railyard; TCC 00536-00569 | | | |
| 17. | Water Quality Control Board Order No. 91-735 - Cleanup and abatement – Dated 4/22/92 | | | |
| 18. | Water Quality Control Board Order No. R5-2019-713 – Cleanup and Abatement – Dated 6/11/19 | | | |
| 19. | Water Quality Control Board Administrative Complaint against UPRR – Dated 11/15/11 | | | |
| 20. | Data Gap Investigation Dunsmuir Railyard – Dated 4/2012 | | | |
| 21. | CH2M Remedy Implementation Work Plan, Dunsmuir California Fueling Facility – Dated 2/2016 | | | |
| 22. | Water Quality Board Letter to Lauren Mancuso – Dated 5/4/17 | | | |
| 23. | CH2M System Status Updated – Dated 5/31/17 | | | |
| 24. | Water Quality Board Letter to Lauren Mancuso – Dated /14/17 | | | |
| 25. | CH2M Conceptual Site Model Summary – Dunsmuir Yard – Dated 9/25/17 | | | |

EXHIBIT LIST
Page 2
CASE NO.: 2:18-CV-00084 JAM-AC

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

| 26. | California Regional Water Quality Control Board, Dunsmuir Yard Site Inspection – Dated 11/7/17 | | |
|---|---|---|---|
| 27. | Water Quality Board Letter to Lauren Mancuso – Dated 12/11/17 | | |
| 28. | Water Quality Board Letter to Lauren Mancuso – Dated 7/30/18 | | |
| 29. | JACOBS Letter to Water Quality Control Board – Dated 8/7/18 | | |
| 30. | Water Quality Board Letter to Lauren Mancuso – Dated 11/29/18 | | |
| 31. | UPRR and CH2M Groundwater monitoring contract – Dated 6/16/09; UP 04157-04167 | | |
| 32. | Google Earth images of Dunsmuir Yard | | |
| 33. | Dunsmuir Ground Water Treatment System Journal – Start 1/2/96; UP 02673-02729. | | |
| 34. | CH2M Hill Alan Chang Journal – Dunsmuir Yard – Start 1/6/11; Ex. No. 2 to Chang Deposition | | |
| 35. | Pre-incident Medical Records | | |
| 36. | Medical Records – Advanced Chiropractic; TCC 00094 – 00102 | | |
| 37. | Medical Records – Ashland Orthopedic Associates; TCC 00108 - 00209 | | |
| 38. | Medical Records – Integrated Physical Therapy; TCC 00210-00280 | | |
| 39. | Medical Records – Klamath Orthopedic Clinic, 00284 – 00361 | | |
| 40. | Medical Records – Sky Lakes Medical Center 00367 – 00431 | | |
| 41. | Medical Billing | | |
| 42. | Medical Imaging | | |
| 43. | UPRR Medical Progress Reports; UP 00432-00447 | | |
| 44. | UPRR Medical Progress Reports w/ Attached Medical Records; UP 00656-00839, 00846-00897 | | |
| 45. | UPRR Employee Medical History – Medical Comment History; UP 00399-00406 | | |
| 46. | UPRR Employee Health & Medical Services Status Updates | | |
| 47. | UPRR Employee Fitness Tests | | |

| | | | |
|---|---|---|---|
| 48. | UPRR Emails Re: Plaintiff; UP 03934-04131 | | |
| 49. | Plaintiff Work Assignment History | | |
| 50. | Plaintiff Detailed Wage History; UP 00004-00028 | | |
| 51. | Plaintiff Wage History Summary; TCC 00498 | | |
| 52. | Benefit costs calculation; UP 00003 | | |
| 53. | Plaintiff's W-2s; TCC 00497 | | |
| 54. | Demonstrative Evidence of Medical Pathology and anatomy; | | |
| 55. | Anatomy Exemplars | | |
| 56. | Curriculum Vitae of Glen O'Sullivan, M.D. | | |
| 57. | File of Glen O'Sullivan, M.D. | | |
| 58. | Curriculum Vitae of Bonneau Dickson | | |
| 59. | Report of Bonneau Dickson | | |
| 60. | Curriculum Vitae of James A. Mills | | |
| 61. | Economic Report of James A. Mills | | |
| 62-100 | Reserved | | |

DATED:  October 25, 2019          HILDEBRAND, McLEOD & NELSON, LLP


By /s/ Carole M. Bosch
ANTHONY S. PETRU, ESQ.
CAROLE M. BOSCH, ESQ.
Attorneys for Plaintiff
TIM CLEMENS

EXHIBIT LIST
Page 4
CASE NO.: 2:18-CV-00084 JAM-AC

# EXHIBIT B

**ROBERT JOHN GIBBONS, ESQ.  (SBN: 314653)**
**UNION PACIFIC RAILROAD COMPANY**
**Law Department**
13181 Crossroads Pkwy North, Suite 500
City of Industry, CA 91746
Telephone:     (562) 566-4630
Facsimile:      (402) 997-3230
E-Mail:         rgibbon@up.com

**THOMAS A HAYDEN** (*PRO HAC VICE*)
**UNION PACIFIC RAILROAD COMPANY**
**Law Department**
101 North Wacker Drive
Chicago, IL 60606
E-Mail: tahayden@up.com


Attorneys for Defendant
UNION PACIFIC RAILROAD COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA-SACRAMENTO

| | |
|---|---|
| TIM C. CLEMENS, | Case No.: 2:18: CV-00084 JAM AC |
| Plaintiff, | **DEFENDANT UNION PACIFIC RAILROAD COMPANY'S EXHIBIT LIST** |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, a corporation, | **Trial:** December 9, 2019<br>**Time:**  9:00 A.M. PST |
| Defendant. | |

Defendant UNION PACIFIC RAILROAD COMPANY hereby submits the following List of Exhibits intended for trial.

| EXHIBIT NO. | DESCRIPTION | OFFERED | ADMITTED |
|---|---|---|---|
| 101. | Plaintiff's 52032, UP 1-2 | | |
| 102. | Human Factors Report, UP 381-398 | | |

1

| | | | | |
|---|---|---|---|---|
| 103. | UP Employee Medical File, UP 399-897 | | |
| 104. | Plaintiff's 3/30/15 Hand Written Statement, UP 923 | | |
| 105. | Plaintiff's 4/8/15 Hand Written Statement, UP 951 | | |
| 106. | HR Report, UP 1003-1029 | | |
| 107. | BB Carpenter Laborer Chart, UP 1242-1250 | | |
| 108. | UP Photos, UP 1266-1322 | | |
| 109. | Body in Motion Manual, UP 2482-2542 | | |
| 110. | 2011 Operation and Maintenance Manual. UP 2730-3933 | | |
| 111. | 2015 Post-Incident Video | | |
| 112. | George Page Site Inspection Video | | |
| 113. | George Page Expert Report | | |
| 114. | Ex. A to George Page Report | | |
| 115. | Ex. B to George Page Report | | |
| 116. | Ex. C to George Page Report | | |
| 117. | Ex. D to George Page Report | | |
| 118. | Ex. E to George Page Report | | |
| 119. | Dr. Lifshutz Report | | |
| 120. | Dr. Lifshutz CV | | |
| 121. | Medical Records from Ashland Orthopedics | | |
| 122. | Medical Records from Sky Lakes Klamath Medical Center | | |
| 123. | Medical Records from Advanced Chiropractic | | |
| 124. | Medical Records from Klamath Orthopedic Clinic | | |
| 125. | Medical Records from Integrated Physical Therapy | | |
| 126. | Medical Records from Klamath Medical Clinic | | |

| 127- 200 | Reserved | | | |
|----------|----------|--|--|--|

DATED: November 13, 2019                    UNION PACIFIC RAILROAD COMPANY


                              By: _____ */s/ Robert J. Gibbons* _____
                                         ROBERT J. GIBBONS
                                         Attorneys for Defendant
                                         UNION PACIFIC RAILROAD COMPANY

**EXHIBIT C**

1 Anthony S. Petru, Esq., State Bar No. 91399
Carole M. Bosch, Esq., State Bar No. 239790
2 HILDEBRAND, McLEOD & NELSON, LLP
Westlake Building
3 350 Frank H. Ogawa Plaza, 4th Floor
Oakland, CA 94612
4 TEL: (510) 451-6732
FAX: (510) 465-7023
5
Attorneys for Plaintiff
6 TIM C. CLEMENS

7                 UNITED STATES DISTRICT COURT

8         EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

9

10 | TIM C. CLEMENS, | CASE NO. 2:18-CV-00084 JAM-AC |

11 |  Plaintiff, | **NOTICE OF USE OF DEPOSITION** |

12 |  | **OF ALAN CHANG** |

13 | vs. |  |
   |  | **Trial:** December 9, 2019 |
14 | UNION PACIFIC RAILROAD | **Time:** 9:00 A.M. PST |
   | COMPANY, a corporation; |  |
15 |  |  |
   |  Defendant. |  |
16

17         Plaintiff TIM C. CLEMENS hereby designates the following deposition testimony of

18 Alan Chang dated February 8, 2019, including Defendant UPRR's objections and counter-

19 designations, and Plaintiff's responses.

20

| DEPOSITION TESTIMONY OF ALAN CHANG | | | |
|---|---|---|---|
| **Plaintiff's Designations** | | | |
| **PAGE:LINE** | **DEFENDANT'S OBJECTIONS** | **PLAINTIFF'S RESPONSES** | **RULING** |
| 4:22-5:5 | No objection. | | |
| 5:17-6:6 | No objection. | | |
| 9:17-10:19 | No objection. | | |
| 11:1-12:8 | Rule 106. Should include 12:9-23. | Portion designated by Plaintiff is complete. Plaintiff's question concerned whether Mr. | |

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

| | | | Chang was involved in designing the water treatment system. His knowledge of who designed the system is not relevant to that question, and whether he was familiar with the design drawings is addressed in other designated passages of the deposition. | |
|---|---|---|---|---|
| 13:16-15:3 | No objection. | | | |
| 16:6-20:3 | Relevance, 403 and MIL regarding pollution and contents of sediment. | | Testimony explains what he and his employer were contracted to do at the Dunsmuir facility, and is therefore relevant foundation evidence. Testimony is also relevant as to the purpose and function of the facility. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
| 20:9-17 | No objection. | | | |
| 21:4-18 | Relevance, 403 and MIL regarding pollution and contents of sediment. | | Testimony is relevant as to the purpose and function of the facility. Testimony is also relevant to the issue of the use of the facility and drying beds after Plaintiff's injury and to refute expected testimony by Defendant's experts. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen | |

PLAINTIFF'S NOTICE OF USE OF DEPOSITION OF ALAN CHANG
Page 2
CASE NO.: 2:18-CV-00084 JAM-AC

| | | | Defendant's MIL. | |
|---|---|---|---|---|
| 21:22-:27:1 | Relevance, 403 and MIL regarding pollution and contents of sediment. | Testimony is relevant to Plaintiff's work at the facility and to the circumstances of Plaintiff's injury. Testimony is also relevant as to the purpose and function of the facility and to Mr. Chang's work at the facility. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
| 27:8-31:2 | Relevance, 403 and MIL regarding pollution and contents of sediment. | Testimony is relevant to Plaintiff's work at the facility and to the circumstances of Plaintiff's injury. Testimony is also relevant as to the purpose and function of the facility and to Mr. Chang's work at the facility. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
| 31:7-16 | No objection. | | |
| 32:4-15 | No objection. | | |
| 33:9-34:15 | No objection. | | |
| 34:18-25 | No objection. | | |
| 35:11-36:19 | Relevance, form, 403 and MIL regarding pollution and contents of sediment. | Testimony is relevant to the contents, weight, and properties of the backwashed sediment, and is therefore relevant to Plaintiff's work at the facility and to the circumstances of | |

Left sidebar:

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

PLAINTIFF'S NOTICE OF USE OF DEPOSITION OF ALAN CHANG
Page 3
CASE NO.: 2:18-CV-00084 JAM-AC

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

| | | | Plaintiff's injury. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
|---|---|---|---|---|
| 36:22-37:2 | Relevance, form, 403 and MIL regarding pollution and contents of sediment. | | Testimony is relevant to the contents, weight, and properties of the backwashed sediment, and is therefore relevant to Plaintiff's work at the facility and to the circumstances of Plaintiff's injury. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
| 37:7-24 | Relevance, form, 403 and MIL regarding pollution and contents of sediment. | | Testimony is relevant to the contents, weight, and properties of the backwashed sediment, and is therefore relevant to Plaintiff's work at the facility and to the circumstances of Plaintiff's injury. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
| 38:2-40:1 | Relevance, form, 403 and MIL regarding pollution and contents of sediment. | | Testimony is relevant to the contents, weight, and properties of the backwashed sediment, and is therefore relevant to Plaintiff's work at the facility and to the circumstances of Plaintiff's injury. No risk of unfair prejudice to Defendant, delay, or | |

| | | | confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
|---|---|---|---|---|
| 40:4-13 | Relevance, 403 and MIL regarding pollution and contents of sediment. | Testimony is relevant as to the purpose and function of the facility. Testimony is also relevant to the issue of the use of the facility and drying beds after Plaintiff's injury. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | | |
| 40:23-42:8 | Relevance, form, 403 and MIL regarding pollution and contents of sediment. | Testimony is relevant to the contents, weight, and properties of the backwashed sediment, and is therefore relevant to Plaintiff's work at the facility and to the circumstances of Plaintiff's injury. Testimony is also relevant as to the purpose and function of the facility. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | | |
| 42:11-16 | Relevance, 403 and MIL regarding pollution and contents of sediment. | Testimony is relevant to the contents, weight, and properties of the backwashed sediment, and is therefore relevant to Plaintiff's work at the facility and to the circumstances of Plaintiff's injury. No risk of unfair prejudice to Defendant, delay, or | | |

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

| | | | |
|---|---|---|---|
| | | | confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. |
| 42:21-25 | Relevance, 403 and MIL regarding pollution and contents of sediment. | Testimony is relevant to the contents, weight, and properties of the backwashed sediment, and is therefore relevant to Plaintiff's work at the facility and to the circumstances of Plaintiff's injury. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
| 43:2-4 | Relevance, 403 and MIL regarding pollution and contents of sediment. | Testimony is relevant to the contents, weight, and properties of the backwashed sediment, and is therefore relevant to Plaintiff's work at the facility and to the circumstances of Plaintiff's injury. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
| 43:7 | Relevance, 403 and MIL regarding pollution and contents of sediment. | Testimony is relevant to the contents, weight, and properties of the backwashed sediment, and is therefore relevant to Plaintiff's work at the facility and to the circumstances of Plaintiff's injury. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not | |

PLAINTIFF'S NOTICE OF USE OF DEPOSITION OF ALAN CHANG
Page 6
CASE NO.: 2:18-CV-00084 JAM-AC

| | | | seen Defendant's MIL. | |
|---|---|---|---|---|
| 46:3-47:18 | Relevance, 403 and MIL regarding design, construction and operation of other facilities. | Testimony is relevant to Plaintiff's work at the facility and the circumstances of Plaintiff's injury. Testimony is also relevant to the question reasonable alternative methods. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
| 47:21 | Relevance, 403 and MIL regarding design, construction and operation of other facilities. | Testimony is relevant to Plaintiff's work at the facility and the circumstances of Plaintiff's injury. Testimony is also relevant to the question reasonable alternative methods. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
| 47:23-48:20 | Relevance, 403 and MIL regarding design, construction and operation of other facilities. | Testimony is relevant to Plaintiff's work at the facility and the circumstances of Plaintiff's injury. Testimony is also relevant to the question reasonable alternative methods. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
| 49:9-50:17 | Relevance, 403 and MIL regarding design, | Testimony is relevant to Plaintiff's work at | |

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

| | | | |
|---|---|---|---|
| | | construction and operation of other facilities. | the facility and the circumstances of Plaintiff's injury. Testimony is also relevant to the question reasonable alternative methods. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
| 51:4-24 | Relevance, form, 403 and MIL regarding design, construction and operation of other facilities. | Testimony is relevant to Plaintiff's work at the facility and the circumstances of Plaintiff's injury. Testimony is also relevant to the question reasonable alternative methods. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
| 52:2-3 | Relevance, form, 403 and MIL regarding design, construction and operation of other facilities. | Testimony is relevant to Plaintiff's work at the facility and the circumstances of Plaintiff's injury. Testimony is also relevant to the question reasonable alternative methods. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. The Court has not ruled on and Plaintiff has not seen Defendant's MIL. | |
| 52:10-53:19 | No objection. | | |
| 54:3-57:4 | No objection. | | |
| 57:12-59:4 | No objection. | | |
| 59:16-22 | No objection. | | |

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

| 60:2-12 | No objection. | | |
|---|---|---|---|
| 60:17-23 | Relevance. | Testimony is relevant to Defendant's policies and methods regarding the facility and the dying beds. | |
| 61:4-12 | Relevance, speculation. | Testimony is relevant to Defendant's policies and methods regarding the facility and the dying beds. Mr. Chang does not speculate to how the form in question was used. | |
| 65:8-24 | | | |
| 65:25-66:10 | No objection. | | |

## DEPOSITION TESTIMONY OF ALAN CHANG
### Defendant's Designations

| PAGE:LINE | PLAINTIFF'S OBJECTIONS | DEFENDANT'S RESPONSES | RULING |
|---|---|---|---|
| 62:3-63:25 | No objection. | | |
| 64:3-65:2 | No objection. | | |

DATED: October 25, 2019          HILDEBRAND, McLEOD & NELSON, LLP

*/s/ Carole M. Bosch*

_____
ANTHONY S. PETRU, ESQ.
CAROLE M. BOSCH, ESQ.
Attorneys for Plaintiff TIM CLEMENS

UNION PACIFIC RAILROAD COMPANY

*/s/ Robert J. Gibbons*

_____
Robert J. Gibbons, Esq.
Thomas A.P. Hayden, Esq.
Attorneys for Defendant Union Pacific Railroad

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
360 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

**EXHIBIT D**

1  Anthony S. Petru, Esq., State Bar No. 91399
   Carole M. Bosch, Esq., State Bar No. 239790
2  HILDEBRAND, McLEOD & NELSON, LLP
   Westlake Building
3  350 Frank H. Ogawa Plaza, 4th Floor
   Oakland, CA 94612
4  TEL: (510) 451-6732
   FAX: (510) 465-7023
5
   Attorneys for Plaintiff
6  TIM C. CLEMENS

7              UNITED STATES DISTRICT COURT
8          EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO
9

10  TIM C. CLEMENS,                    CASE NO. 2:18-CV-00084 JAM-AC
11              Plaintiff,             **PLAINTIFF'S NOTICE OF USE OF**
12                                     **DEPOSITION OF PAMELA MANN**
    vs.
13                                     **Trial:** December 9, 2019
    UNION PACIFIC RAILROAD             **Time:** 9:00 A.M. PST
14  COMPANY, a corporation;
15              Defendant.
16

17      Plaintiff TIM C. CLEMENS hereby designates the following deposition testimony of Pamela

18  Mann dated April 29, 2019, including Defendant UPRR's objections and Plaintiff's responses.

19

| DEPOSITION TESTIMONY OF PAMELA MANN | | | |
|---|---|---|---|
| **PAGE:LINE** | **DEFENDANT'S OBJECTIONS** | **PLAINTIFF'S RESPONSES** | **RULING** |
| 7:1-4 | Union Pacific objects to all testimony from former contractor Pamela Mann based on relevance, Rule 403, and inadequate foundation. UP's argument will be set forth in a MIL regarding her testimony. | Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| 7:11-22 | Relevance, 403 and MIL. | Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond | |

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

| | | | | |
|---|---|---|---|---|
| | | | fully in his opposition to Defendant's MIL. | |
| | 10:13-11:18 | Relevance, 403 and MIL. | Testimony is relevant to foundation and to Ms. Mann's work history with Defendant. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 12:14-13:25 | Relevance, 403 and MIL. | Testimony is relevant to foundation and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 14:8-15:2 | Relevance, 403 and MIL. | Testimony is relevant to foundation and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 15:10-17:12 | Relevance, 403 and MIL. | Testimony is relevant to foundation and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to | |

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

| | | | the jury.<br>Plaintiff has not yet<br>seen Defendant's MIL.<br>Plaintiff will respond<br>fully in his opposition<br>to Defendant's MIL. | |
|---|---|---|---|---|
| 17:19-19:4 | Relevance, 403 and MIL. | Testimony is relevant<br>to foundation and the<br>fit for duty process<br>Plaintiff went through.<br>No risk of unfair<br>prejudice to Defendant,<br>delay, or confusion to<br>the jury.<br>Plaintiff has not yet<br>seen Defendant's MIL.<br>Plaintiff will respond<br>fully in his opposition<br>to Defendant's MIL. | | |
| 20:7-9 | Relevance, 403 and MIL. | Testimony is relevant<br>to foundation and the<br>fit for duty process<br>Plaintiff went through.<br>No risk of unfair<br>prejudice to Defendant,<br>delay, or confusion to<br>the jury.<br>Plaintiff has not yet<br>seen Defendant's MIL.<br>Plaintiff will respond<br>fully in his opposition<br>to Defendant's MIL. | | |
| 20:15-21:1 | Relevance, 403, and MIL. | Plaintiff has not yet<br>seen Defendant's MIL.<br>Plaintiff will respond<br>fully in his opposition<br>to Defendant's MIL. | | |
| 21:7-13 | Relevance, 403 and MIL. Rule<br>106, to extent this testimony is<br>permitted, it should include<br>21:2-6 for completeness. | Portion designated by<br>Plaintiff is complete.<br>The testimony at 21:2-6<br>is not related to the<br>passages designated by<br>Plaintiff. Testimony is<br>relevant to foundation<br>and to Plaintiff's fit for<br>duty process. No risk of<br>unfair prejudice to<br>Defendant, delay, or | | |

PLAINTIFF'S NOTICE OF USE OF DEPOSITION OF PAMELA MANN
Page 3
CASE NO.: 2:18-CV-00084 JAM-AC

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

| | | | | |
|---|---|---|---|---|
| | | | confusion to the jury.<br><br>Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 21:16-18 | Relevance, foundation, 403 and MIL. | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to the jury.<br><br>Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 21:25-22:3 | Relevance, foundation, 403 and MIL. | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge.<br><br>Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 22:6-23:7 | Relevance, foundation, 403 and MIL. | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge. | |

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

| | | | | |
|---|---|---|---|---|
| | | | Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 23:10-25:4 | Relevance, foundation, 403 and MIL. | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge.<br><br>Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 25:20-27:7 | Relevance, foundation, 403 and MIL. | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge.<br><br>Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 27:25-31:9 | Relevance, foundation, form, 403 and MIL. | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge. | |

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

| | | | | |
|---|---|---|---|---|
| | | | Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 31:23-33:9 | Relevance, foundation, 403 and MIL. | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge.<br><br>Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 33:14-20 | Relevance, foundation, 403 and MIL. | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge.<br><br>Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 34:5-22 | Relevance, form, foundation, 403 and MIL. | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge. | |

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

| | | | Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
|---|---|---|---|---|
| 34:25-37:4 | Relevance, foundation, 403 and MIL. | | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge.<br><br>Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| 37:17-38:14 | Relevance, foundation, 403 and MIL. Rule 106, to extent this testimony is permitted, it should include 38:15-18 for completeness. | | Portion designated by Plaintiff is complete. Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge.<br><br>Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| 38:19-39:13 | Relevance, foundation, 403 and MIL. | | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal | |

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

| | | | | |
|---|---|---|---|---|
| | | | knowledge. | |
| | | | Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 39:16-41:25 | Relevance, foundation, 403 and MIL. | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. Testimony is also relevant to foundation. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge. | |
| | | | Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 42:7-16 | Relevance, form, foundation, 403 and MIL. | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. Testimony is also relevant to foundation. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge. | |
| | | | Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 42:19-43:21 | Relevance, foundation, 403 and MIL. | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. Testimony is also | |

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

| | | | relevant to foundation. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge.

Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
|---|---|---|---|---|
| | 43:25-45:16 | Relevance, foundation, 403 and MIL. | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. Testimony is also relevant to foundation. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge.

Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |
| | 45:20-46:9 | Relevance, form, foundation, speculation, 403 and MIL. | Testimony is relevant to Plaintiff's injury and the fit for duty process Plaintiff went through. Testimony is also relevant to foundation. No risk of unfair prejudice to Defendant, delay, or confusion to the jury. Testimony is based on personal knowledge.

Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition | |

| | | | to Defendant's MIL. | |
|---|---|---|---|---|
| 46:12-18 | Relevance, 403 and MIL. | Designated portion of testimony include the end of the deposition. | |
| | | | Plaintiff has not yet seen Defendant's MIL. Plaintiff will respond fully in his opposition to Defendant's MIL. | |

DATED: October 25, 2019                    HILDEBRAND, McLEOD & NELSON, LLP

*/s/ Carole M. Bosch*

_____
ANTHONY S. PETRU, ESQ.
CAROLE M. BOSCH, ESQ.
Attorneys for Plaintiff TIM CLEMENS

UNION PACIFIC RAILROAD COMPANY

*/s/ Robert J. Gibbons*

_____
Robert J. Gibbons, Esq.
Thomas A.P. Hayden, Esq.
Attorneys for Defendant Union Pacific Railroad

**EXHIBIT E**

1  Anthony S. Petru, Esq., State Bar No. 91399
   Carole M. Bosch, Esq., State Bar No. 239790
2  HILDEBRAND, McLEOD & NELSON, LLP
   Westlake Building
3  350 Frank H. Ogawa Plaza, 4th Floor
   Oakland, CA 94612
4  TEL: (510) 451-6732
   FAX: (510) 465-7023
5
   Attorneys for Plaintiff
6  TIM C. CLEMENS

7                  UNITED STATES DISTRICT COURT

8          EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

9

10 TIM C. CLEMENS,                      CASE NO. 2:18-CV-00084 JAM-AC

11            Plaintiff,               **PLAINTIFF'S NOTICE OF USE OF**
                                       **UNION PACIFIC'S RESPONSES**
12 vs.                                 **TO REQUESTS FOR ADMISSION,**
                                       **SET ONE**
13
   UNION PACIFIC RAILROAD
14 COMPANY, a corporation;             **Trial:** December 9, 2019
                                       **Time:** 9:00 A.M. PST
15            Defendant.

16

17      Plaintiff TIM C. CLEMENS hereby designates the following Union Pacific Responses to

18 Plaintiff's Requests for Admission, Set One dated June 22, 2018.

19

20     **UNION PACIFIC RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSION**

21 | **REQUEST FOR ADMISSION** | **DEFENDANT'S OBJECTIONS** | **PLAINTIFF'S RESPONSES** |
22 |---|---|---|
   | Request No. 1 and response thereto | No objection | |
23 | Request No. 2 and response thereto | No objection | |
24 | Request No. 3 and response thereto | No objection | |
25 | Request No. 4 and response thereto | No objection | |
26

27 ///

28

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

1 | DATED:  October 25, 2019          HILDEBRAND, McLEOD & NELSON, LLP

2 |                                        */s/ Carole M. Bosch*

3 |                                   By_____
                                          ANTHONY S. PETRU, ESQ.
4 |                                        CAROLE M. BOSCH, ESQ.
                                          Attorneys for Plaintiff TIM CLEMENS
5 |

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

PLAINTIFF'S NOTICE OF USE OF RESPONSES TO REQUEST FOR ADMISSION
Page 2
CASE NO.: 2:18-CV-00084 JAM-AC